IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JAMES MORRISON, | CV 23-56-BLG-SPW |
| Plaintiff, | |
| vs. | ORDER |
| COUNTY OF YELLOWSTONE; SCOTT TWITO, YELLOWSTONE COUNTY ATTORNEY; EMILY JO ROARK; MANDI GOULD; MEAGHAN BAILEY; PATRICK RICE, | |
| Defendants. | |

Plaintiff James Morrison (Morrison), a state prisoner proceeding pro se, filed a Complaint pursuant to 42 U.S.C. § 1983.  (Doc. 2.)  Morrison is currently incarcerated in the Yellowstone County Detention Facility and is facing state charges.  Liberally construed, Morrison challenges the manner in which he has been charged, prosecuted, and represented in his criminal matter.  (*Id.* at 4-5.)  On May 25, 2023, Morrison filed an amended complaint.  (Doc. 7.)  Morrison's state criminal proceedings are actively pending.

Morrison is a prisoner proceeding in forma pauperis; accordingly this Court must review his Complaint. *See* 28 U.S.C. § 1915 and § 1915A.  These provisions require the Court to dismiss a complaint filed in forma pauperis and/or by a

1

prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* Sections 1915A(b) and 1915(e)(2)(B).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern pleading standards, Rule 8 requires a complaint to "contain a sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than…unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted).

The Court liberally construes the pleading to determine whether a case should be dismissed for failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual and legal basis. *See Jackson v. Arizona*, 885 F. 2d 639, 640 (9th Cir. 1989)

(discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded on other grounds by Lopez v. Smith*, 203 F. 3d 1122 (9th Cir. 2000).

### i.      Factual Allegations

On April 8, 2023, Morrison was arrested following a car chase in Yellowstone County. (Doc. 2 at 2.) He was ultimately charged with Criminal Endangerment, Theft, and Fleeing from or Eluding an Officer. (*Id.* at 3.) On April 11, 2023, Morrison was arraigned on the charges. (*Id.*) At that time he apparently expressed a desire to enter a "no contest" plea to each charge. Instead Meghan Bailey, Morrison's public defender, entered "not guilty" pleas on his behalf. Subsequently a plea offer was discussed between Bailey and one of the Yellowstone County Attorneys. On April 26, 2023, Bailey met with Morrison in person and presented the proposed plea offer. Morrison expressed his dissatisfaction with the charges, the plea offer, and the representation he had been receiving. (*Id.* at 4.) At some point after this meeting, Morrison was informed by letter that he was being appointed new counsel, Patrick Rice, a private attorney that does contact work with the Office of the State Public Defender. (*Id.*) Morrison has had difficulty contacting Rice.

Morrison alleges: he was unlawfully denied a probable cause hearing; the Defendants have violated his right to redress of his grievances; he was denied counsel and has been maliciously prosecuted; he has been abandoned by his

attorney. (*Id.* at 4-5.) He asks this Court to award punitive damages, compensatory damages, and injunctive relief. (*Id.* at 5.) Further, Morrison requests the Court order the United States Department of Justice to review Yellowstone County's probable cause determination procedure and review his case and potentially pursue criminal charges. (*Id.*)

In his amended complaint, Morrison names the same defendants and advances the same general allegations. (*See generally* Doc. 7.) Morrison goes on to allege that the trial court has ignored his complaint of attorney abandonment, the State of Montana has engaged in outrageous governmental conduct as evidenced by his malicious prosecution, he is being denied counsel and the criminal justice system in Yellowstone County has fostered a scheme to gain funding at the expense of minority/third-class criminal defendants. (*Id.* at 5-6.)

## ii.   Analysis

This Court will decline to intervene in Morrison's ongoing state proceedings under the *Younger* abstention doctrine. Federal courts cannot interfere with pending state criminal proceedings, absent extraordinary circumstances which create a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37, 45-46 (1971). Irreparable injury does not exist in such situations if the threat to plaintiff's federally protected rights may be eliminated by his defense of the criminal case. Moreover, "even irreparable injury is insufficient [to permit interference with the

4

proceeding] unless it is 'both great and immediate.' " *Id.* at 46 (quoting *Fenner v. Boykin*, 271 U.S. 240, 243-(1926)). "The *Younger* doctrine was borne of the concern that federal court injunctions might unduly hamper a state in its prosecution of criminal laws." *Miofsky v. Superior Court*, 703 F.2d 332, 336 (9th Cir. 1983).

*Younger* abstention is appropriate when the following factors are satisfied: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicate[s] important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seek[s] to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (citation and internal quotations omitted). A claimant may avoid application of the *Younger* abstention doctrine by demonstrating that there is bad faith, harassment, or some other extraordinary circumstance where irreparable injury can be shown. *See Perez v. Ledesma*, 401 U.S. 82, 85 (1971). In practical terms, the *Younger* doctrine means that " 'only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.' " *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980) (*quoting Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972)).

5

This Court's intervention in Morrison's ongoing criminal case is barred by *Younger*. Following a review of the complaint and amended complaint, the Court finds all criteria for *Younger* abstention are met in the present case. First, Morrison's state case is currently pending. A review of the criminal docket for *State v. Morrison*, Cause No. DC-23-0446, reveals that a jury trial is currently scheduled for July 24, 2023.[1] Thus, the matter is ongoing.

Second, Morrison's criminal proceedings implicate Montana's important interest in the order and integrity of its criminal proceedings. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief"). Third, Morrison has not demonstrated an inability to raise his constitutional challenges in his state proceedings. He may raise his claims of insufficiency of the evidence and/or a challenge to the manner in which he has been prosecuted in the district court and on direct appeal. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("[A] federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). Finally, granting relief in the instant matter would

---

[1] This court may take judicial notice of proceedings in other courts, within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue. *Trigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011).

have the practical effect of enjoining Morrison's ongoing state proceedings.  He has not shown irreparable injury will occur without this Court's intervention or demonstrated any other extraordinary circumstance.  Because there is no compelling reason for this Court to intervene, it will abstain; *Younger* provides a basis for dismissal.

Additionally, Morrison fails to state a claim against the Yellowstone County Attorney's Office or either of the prosecutors he has named as a defendants. Prosecuting attorneys who act within the scope of their duties are absolutely immune from a suit brought for damages under 42 U.S.C. § 1983 "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991)(*quoting Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)).   This is so even if the prosecutor has violated a plaintiff's constitutional rights or acts with malicious intent. *Broam v. Bogan*, 320 F. 3d 1023, 1028-29 (9th Cir. 2003); *Genzler v. Longanbach*, 410 F. 3d 630, 637 (9th Cir. 2005). Prosecutors are absolutely immune from suit when they function as advocates. *Imbler*, 424 U.S. at 430-31.  Therefore, any actions Mr. Twito or Ms. Roark may have undertaken in relation to Morrison's ongoing criminal proceedings are intimately associated with the judicial phase of the criminal process.  These defendants are entitled to prosecutorial immunity.

Morrison is further advised that the public defenders who have represented

him thus far are not state actors for purposes of Section 1983. *Polk Cty. v. Dodson*,

454 U.S. 312, 325 (1981)(public defender who is performing a lawyer's traditional

functions as counsel to a defendant in a criminal proceeding is not acting under

color of state law); *Miranda v. Clark Cty. of Nev.*, 319 F. 3d 465, 468 (9th Cir.

2003)(affirming dismissal because the public defender represented the plaintiff's

interest during criminal proceeding, not the state's interests).  Accordingly,

Morrison fails to state a claim under § 1983 against Ms. Gould, Ms. Bailey, or Mr.

Rice, for the actions they have undertaken defending Morrison in his criminal

proceedings.

28 U.S.C. §§ 1915 and 1915A require the dismissal of a complaint that fails

to state a claim upon which relief may be granted but do not deprive the district

court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d

1122, 1127 (9th Cir. 2000).   The Court can decline to grant leave to amend if "it

determines that the pleading could not possibly be cured by the allegation of other

facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497

(9th Cir. 1995)).   Leave to amend is liberally granted to pro se litigants unless it is

"absolutely clear that the deficiencies of the complaint could not be cured by

amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing*

*Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

The *Younger* doctrine directs this Court's abstention. The ongoing nature of Morrison's state criminal proceedings is not an issue which could be cured by amendment. Similar, he names defendants who are either immune from suit or are improper parties under 42 U.S.C. § 1983. Thus, leave to amend would be futile. This matter will be dismissed.

Based upon the foregoing, the Court issues the following:

### ORDER

1. This matter is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court is directed to have the docket reflect that the Court certifies that, pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, any appeal of this decision would not be taken in good faith.

DATED this 30th day of May, 2023.

Susan P. Watters
United States District Court Judge